UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHEILA THORNTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6611** |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Sheila Thornton's ("Plaintiff") Motion to Remand to State Court.[1] Plaintiff contends that the Court neither has diversity jurisdiction over this matter as the amount in controversy requirement is not met pursuant to 28 U.S.C. Section 1332 nor federal question jurisdiction pursuant to 28 U.S.C. Section 1441.[2] Defendant Ocean Harbor Casualty Insurance Company ("Defendant") does not oppose the motion.[3] Considering the motion, the memoranda in support, the record, and the applicable law, the Court grants the Motion to Remand.

In this Hurricane Ida matter, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans on August 29, 2023, asserting a breach of insurance contract claim and bad faith claims under La. Rev. Stat. Sections 22:1892 and 22:1973.[4] On October 21, 2023, Defendant removed the case to this Court, asserting that this Court may exercise diversity subject matter jurisdiction pursuant to 28 U.S.C. Section 1332.[5] In the Notice of Removal, Defendant contends that there is complete diversity of the parties because it is incorporated in Florida, where it also

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 9-1 at 1.

[3] Rec. Doc. 9 at 1.

[4] Rec. Doc. 1-1.

[5] Rec. Doc. 1.

1

has its principal place of business, and Plaintiff is a citizen of Louisiana.[6] Defendant further contends that the amount in controversy requirement is met because Plaintiff's Public Adjustor, Turner Claim Solutions, estimates her damages to be $50,389.13.[7] According to Defendant, this estimated amount of damages for the breach of insurance contract claim along with the damages and penalties Plaintiff may obtain from Defendant under La. Rev. Stat. Sections 22:1892 and 22:1973 exceeds $75,000.[8] On February 9, 2024, Plaintiff filed the instant Motion to Remand to State Court, as Plaintiff stipulates that the damages in this matter does not exceed $75,000.[9]

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[10] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[11] The removing party bears the burden of demonstrating that federal jurisdiction exists.[12]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[13] Remand

---

[6] *Id.* at 2.

[7] *Id.* at 4–5 (citing Rec. Doc. 1-2).

[8] *Id.* at 5.

[9] Rec. Doc. 9-7.

[10] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[11] 28 U.S.C. § 1332(a)(1).

[12] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[13] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[14]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[15] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[16] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[17] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[18]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[19] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[20] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[21] A

---

[14] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[15] *See Allen*, 63 F.3d at 1335.

[16] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[17] *Id.*

[18] *Id.*

[19] *See* La. Code Civ. P. art. 893.

[20] *Id.*

[21] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[22] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[23] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[24]

Here, Plaintiff stipulates that "all elements of damages, inclusive of any and all compensatory damages, exemplary damages, punitive damages, statutory penalties, and attorney's but exclusive of interest and costs, do not exceed the total sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00)."[25] Further, she stipulates that she will not seek or accept any damages in excess of $75,000, will relinquish any judgement in excess of $75,000 which might be rendered in her favor, and will not amend the petition to plead an amount in controversy exceeding $75,00.[26]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sheila Thornton's Motion to Remand to State Court[27] is **GRANTED**.

---

[22] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[23] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[24] *Allen*, F.3d at 1335.

[25] Rec. Doc. 9-7 at 1.

[26] *Id.* at 1–2.

[27] Rec. Doc. 9.

**IT IS FURTHER ORDERED** that the case is hereby remanded to Civil District Court for the Parish of Orleans, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA**, this 15th day of February, 2024.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**